**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

v.

BRIAN A. ROMERO,

       Defendant-Appellant.

No. 12-2078
(D.C. No. 1:11-CR-01205-JCH-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Brian Romero's plea agreement. The

defendant pleaded guilty to possession with intent to distribute both heroin and

cocaine. Pursuant to the plea agreement, the defendant waived his right to appeal his

conviction or his sentence, provided his sentence was within or below the advisory

---

[*]     This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentencing guideline range as determined by the district court to apply. The district court determined the defendant's advisory guideline range was 37 to 46 months' imprisonment and sentenced him to 37 months, at the low-end of the range. Nevertheless, the defendant filed a notice of appeal.

The government filed a motion to enforce the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In response, the defendant's counsel stated that there are no non-frivolous arguments that can be presented in response to the motion to enforce, citing *Anders v. California*, 386 U.S. 738, 744 (1967), and requesting permission to withdraw as counsel. This court gave the defendant an opportunity to file a pro se response to the motion to enforce and granted him an extension of time to file his response to the motion. To date, the defendant has not filed a response to the motion to enforce.

Under *Anders*, we have reviewed the motion and the record and we conclude that the defendant's proposed appeal falls within the scope of the appeal waiver, that he knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325 (describing the factors this court considers when determining whether to enforce a waiver of appellate rights).

Accordingly, we GRANT the motion to enforce the appeal waiver, GRANT counsel's motion to withdraw, and DISMISS the appeal.

Entered for the Court
Per Curiam

- 2 -